**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-23961-CIV-ALTONAGA/Goodman**
**CASE NO. 20-24077-CIV-ALTONAGA/Torres**

**MSP RECOVERY CLAIMS, SERIES LLC**; *et al.*,

Plaintiffs,

v.

**AMERISURE INSURANCE CO.** and
**AMERISURE MUTUAL INSURANCE CO.**,

Defendants.
_______________________________________/

**MSP RECOVERY CLAIMS, SERIES LLC**; *et al.*,

Plaintiffs,

v.

**AMERICAN NATIONAL GENERAL INSURANCE CO.** and
**AMERISURE NATIONAL PROPERTY & CASUALTY CO.**,

Defendants.
_______________________________________ /

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court on two motions pending in separate but related Medicare Secondary Payer Act ("MSP Act")[1] cases: Defendants, Amerisure Insurance Company and Amerisure Mutual Insurance Company's Motion to Dismiss (*see* No. 17-cv-23961 [ECF No. 106]); and Defendants, American National General Insurance Company and American National Property and Casualty Company's Motion to Dismiss (*see* No. 20-cv-24077 [ECF No. 37]). The Court has reviewed Plaintiffs' operative Complaints,[2] the parties' written

[1] *See* 42 U.S.C. § 1395y(b).

[2] (*See Amerisure*, 3rd Am. Compl. [ECF No. 105]; *Am. Nat'l*, 1st [sic] Am. Compl. [ECF No. 36]). Despite

submissions, the record, and applicable law. As explained, the Court grants the Motions in part.

## I. BACKGROUND

### A. The MSP Act

Medicare contracts with private entities — Medicare Advantage Organizations and other downstream actors (collectively "Medicare Advantage Plans") — to pay certain Medicare beneficiaries' healthcare costs. *See MSP Recovery Claims, Series LLC v. ACE Am. Ins.*, 974 F.3d 1305, 1308 (11th Cir. 2020). The MSP Act made Medicare coverage secondary to other forms of insurance. *See id.* In the event a Medicare beneficiary has overlapping coverage arising from Medicare and another insurer, Medicare Advantage Plans may make payments on behalf of beneficiaries to healthcare providers — but the insurer, as primary payer, must reimburse the Plans for these conditional payments.[3] *See id.* at 1308–09. Overlapping coverage can occur when, for example, a Medicare beneficiary is injured in an accident (automobile or otherwise) involving a party insured by a liability or no-fault insurance policy[4] — if the circumstances and policy obligate the primary payer to cover the beneficiary's healthcare. *See id.*

The MSP Act provides mechanisms to help ensure Medicare is not saddled with costs that should be covered by primary payers, two of which are relevant here. First, liability and no-fault

---

its name, the *American National*'s operative complaint is Plaintiffs' *second* Amended Complaint. (*See generally Am. Nat'l*, 1st Am. Compl. [ECF No. 7]).

[3] Medicare secondary payments are conditioned on repayment by the primary payer — thus, "conditional payments." 42 U.S.C. 1395y(b)(2)(B)(i).

[4] Medicare's relevant implementing regulations provide definitions for these types of insurance. *See* 42 C.F.R. § 411.50. "*Liability insurance* means insurance (including a self-insured plan) that provides payment based on legal liability for injury or illness or damage to property. It includes, but is not limited to, automobile liability insurance, uninsured motorist insurance, underinsured motorist insurance, homeowners' liability insurance, malpractice insurance, product liability insurance, and general casualty insurance." *Id.* (emphasis added). "*No-fault insurance* means insurance that pays for medical expenses for injuries sustained on the property or premises of the insured, or in the use, occupancy, or operation of an automobile, regardless of who may have been responsible for causing the accident. This insurance includes but is not limited to automobile, homeowners, and commercial plans. It is sometimes called 'medical payments coverage', 'personal injury protection', or 'medical expense coverage'." *Id.* (emphasis added).

insurers must report to the Center for Medicare Services ("CMS") when they may have primary payer responsibility for the healthcare costs of Medicare beneficiaries. *See* 42 U.S.C. § 1395y(b)(8). Second, the MSP Act creates a cause of action against primary payers that fail in their obligation to reimburse Medicare (or Medicare Advantage Plans) for conditional payments made on behalf of Medicare beneficiaries. *See id.* § 1395y(b)(2)(B)(ii); *see also ACE Am. Ins.*, 974 F.3d at 1316 (holding that any Medicare Advantage Organization or downstream entity suffering unreimbursed conditional payments may bring claims under section 1395y(b)(2)(B)(ii)).

**B. Plaintiffs' Actions and Relevant Procedural History**

Numerous Medicare Advantage Plans assigned Plaintiffs certain of the Plans' MSP unreimbursed conditional payment claims against primary payers. (*See Amerisure*, 3d Am. Compl. ¶¶ 3, 9).[5] Plaintiffs filed putative class actions against sets of insurer-Defendants, bringing claims under the MSP Act as assignees of the injured Medicare Advantage Plan assignors. (*See id.* ¶ 9).

On February 1, 2021, the Court dismissed prior iterations of Plaintiffs' Complaints for failing to allege standing. *See generally MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-23961-Civ, 2021 WL 358670 (S.D. Fla. Feb. 1, 2021). The Court determined Plaintiffs failed to include specific facts showing a traceable injury to one of their assignors, instead relying on an "unclear [Exhibit A] that lists assignors in coded language, insurance companies, and purported [Medicare] beneficiaries[.]" *Id.* at *3 (alterations added). The Court criticized Plaintiffs' use of such incomplete and indecipherable exhibits:

> Exhibit A may not serve as a substitute for factual allegations. Plaintiffs rely on exemplars and assignments to establish standing in Exhibit A; yet, there are no factual allegations in the Complaints of an instance (or representative example)

---

[5] When the cited allegations are virtually identical in both the *Amerisure* and *American National* operative Complaints, the Court will refer only to the *Amerisure* Complaint.

> illustrating Plaintiffs' assignors suffered an injury in fact. . . . Plaintiffs do not identify any beneficiary, insurance policy, medical expense, unreimbursed conditional payment, or any specific Defendant responsible for payment under the MSP Act in the Complaints.

*Id.* (alteration added; footnote call number and citations omitted). Nevertheless, the undersigned granted Plaintiffs leave to amend their pleadings "to allege facts to show one or more of Plaintiffs' assignors suffered an injury in fact." *Id.* (footnote call numbers omitted).

Plaintiffs filed the present operative Complaints in response to the Court's February 1, 2021 Order. The Complaints are identical in many respects. Each is composed of detailed background facts regarding the MSP Act; allegations relating to standing and assignments; general allegations regarding Defendants' systemic failures to reimburse Plaintiffs' assignors for Medicare conditional payments; exemplar claims with specific facts showing an injury to one or more of Plaintiffs' assignors; class action allegations; and two causes of action under the MSP Act. (*Compare Amerisure*, 3d Am. Compl., *with Am. Nat'l*, 2d Am. Compl.). Count I is an action against Defendants for failing to reimburse Plaintiffs' assignors; Count II is a subrogated claim against Defendants for breaching the insurance policies obligating Defendants to cover Medicare beneficiaries' healthcare — obligations Defendants failed to fulfill. (*See Amerisure*, 3d Am. Compl. Counts I–II).

Plaintiffs attach several documents to each Complaint. The opaque Exhibit A — central to the Court's prior dismissal Order — returns, with reinforcements. (*See id.*, Exs. A, C [ECF Nos. 105-1, 105-3]; *Am. Nat'l*, 2d Am. Compl., Exs. A, F [ECF Nos. 36-1, 36-6]). The Exhibits are tables of coded data based, in part, on Defendants' CMS reporting; Plaintiffs describe the Exhibits as additional claims or potential claims. (*See Amerisure*, 3d Am. Compl. ¶¶ 53–54, 58–

59). Plaintiffs do not otherwise provide a means to interpret the Exhibits.[6] Plaintiffs also support their standing allegations with details regarding assignments: dates of assignments; assignment chains, detailing when assignments were transferred multiple times from original assignor to ultimate assignee; and assignment excerpts. (*See Amerisure*, 3d Am. Compl. 36–90; *Am. Nat'l*, 2d Am. Compl. 37–89).[7]

Each action has different Plaintiffs, Defendants, and exemplar claims.

1.   *Amerisure*, No. 17-cv-23961

The *Amerisure* Plaintiffs are MSP Recovery Claims Series, LLC ("MSP Recovery"); MSP Recovery Claims Series 44, LLC ("Series 44"); and MSPA Claims 1, LLC ("MSPA Claims 1"). (*See Amerisure*, 3d Am. Compl. 1). The two Series Plaintiffs — MSP Recovery and Series 44 — are formed under Delaware law and consist of designated series entities. (*See id.* ¶¶ 11–12, 15–16). The Series Plaintiffs' limited liability company agreements provide for the Series Plaintiffs to sue on behalf of their constituent series. (*See id.* ¶¶ 12, 16). The Defendants are Amerisure Insurance Co. ("Amerisure Insurance") and Amerisure Mutual Insurance Co. ("Amerisure Mutual"). (*See id.* 1).

Plaintiffs include one exemplar claim regarding Medicare beneficiary K.B. (*See id.* ¶¶ 70–79). K.B. was enrolled in a Medicare Advantage plan serviced by Hygea Health Holdings, Inc., a risk-bearing managed services organization. (*See id.* ¶ 70). Hygea Health paid for medical services treating injuries K.B. sustained in an accident on November 5, 2014. (*See id.* ¶¶ 71, 73–75). The cost of K.B.'s care was covered by a no-fault policy (policy number 1390022) issued by

---

[6] The Exhibits have unclear codes, such as a column labeled "Msp Member Id" listing unhelpful information like "M2074812301-CONC-CONC[.]" (*Am. Nat'l*, 2d Am. Compl., Ex. A (alteration added)). Both actions' Exhibits are similar in form but vary in substance.

[7] Plaintiffs' Complaints include appendices that were not filed as separate documents; the Court refers to these appendices using the header pagination generated by the CM/ECF system.

Amerisure Insurance, which failed to reimburse Hygea Health for its conditional payment of K.B.'s medical expenses. (*See id.* ¶¶ 72, 76–79). On September 14, 2015, Hygea Health assigned its MSP Act claims to MSP Recovery. (*See id.* 54–55). MSP Recovery then assigned Hygea Health's claims to Series 15-08-19, LLC, a designated series of MSP Recovery, on June 12, 2017. (*See id.* 55).

2. American National, No. 20-cv-24077

The *American National* Plaintiffs are MSP Recovery and MSPA Claims 1. (*See Am. Nat'l*, 2d Am. Compl. 1). As in *Amerisure*, MSP Recovery is formed under Delaware law and consists of designated series entities. (*See id.* ¶¶ 11–12). And as in *Amerisure*, MSP Recovery's limited liability company agreements provide for MSP Recovery to sue on behalf of its constituent series. (*See id.* ¶ 12). The Defendants are American National General Insurance Co. ("American National General") and American National Property & Casualty Co. ("American National P&C"). (*See id.* 1).

Plaintiffs include two exemplar claims regarding Medicare beneficiaries R.A. and L.C. (*See id.* ¶¶ 65–81). R.A. was enrolled in a Medicare Advantage plan issued and administered by Summacare, Inc. (*See id.* ¶ 65). Summacare paid for medical services treating injuries R.A. sustained in an accident on October 8, 2013. (*See id.* ¶¶ 66, 68–70). The cost of R.A.'s care was covered by a no-fault policy (policy number 34A56602E) issued by American National P&C, which failed to reimburse Summacare for its conditional payment of R.A.'s medical expenses. (*See id.* ¶¶ 67, 71–74). On May 12, 2017, Summacare assigned its MSP Act claims to MSP Recovery. (*See id.* 78). MSP Recovery then assigned Summacare's claims to Series 16-11-509, a designated series of MSP Recovery, on June 12, 2017. (*See id.*).

L.C. was enrolled in a Medicare Advantage plan issued and administered by Blue Cross

Blue Shield of Rhode Island ("Blue Cross Blue Shield R.I."). (*See id.* ¶ 75). Blue Cross Blue Shield R.I. paid for medical services treating injuries L.C. sustained in an accident on May 9, 2018. (*See id.* ¶¶ 76, 78–80). The cost of L.C.'s care was covered by a liability policy issued by American National P&C, which failed to reimburse Blue Cross Blue Shield R.I. for its conditional payment of L.C.'s medical expenses. (*See id.* ¶¶ 77, 81). On May 30, 2019, Blue Cross Blue Shield R.I. assigned its MSP Act claims to MSP Recovery. (*See id.* 45). MSP Recovery then assigned Blue Cross Blue Shield R.I.'s claims to Series 16-04-461, a designated series of MSP Recovery, on June 10, 2019. (*See id.* 46).

### C. The Present Motions

Defendants in both actions move to dismiss, arguing Plaintiffs fail to adhere to federal pleading standards, lack standing under Federal Rule of Civil Procedure 12(b)(1), and fail to state claims under Rule 12(b)(6).[8] (*See generally* Mots.). The *American National* Defendants also move to strike Plaintiffs' class allegations. (*See Am. Nat'l*, Mot. 16–19). The Court discusses each argument.

## II. DISCUSSION

### A. Plaintiffs' Exhibits Do Not Put Defendants on Notice of Plaintiffs' Claims

Plaintiffs continue to allege claims via confusing and enigmatic Exhibits — coded, unexplained data masquerading as well-pleaded factual allegations. The Court previously cautioned Plaintiffs that such "Exhibit[s] may not serve as a substitute for factual allegations." *Amerisure Ins.*, 2021 WL 358670, at *3 (alteration added). The Court's critique of Plaintiffs' Exhibits arose in the context of adequately alleging standing; it applies, however, with equal force

[8] The Court does not address the *Amerisure* Defendants' personal jurisdiction argument (*see Amerisure*, Mot. 16–19), because — as further explained — the Court determines she does not have subject matter jurisdiction over Plaintiffs' claims against Amerisure Mutual.

to stating a claim according to federal pleading standards. *See, e.g.*, *MSP Recovery Claims, LLC v. Metro. Gen Ins. Co.*, No. 20-24052-Civ, 2021 WL 804716, at *3 (S.D. Fla. Mar. 3, 2021) (citing *Amerisure Ins.*, 2021 WL 358670, at *3). Any facts mired within Plaintiffs' Exhibits are insufficient to state claims *or* allege standing; to the extent claims are purportedly within Exhibit A or other table-exhibits, those claims are dismissed.[9]

**B. Standing**

Defendants argue Plaintiffs lack standing.[10] The Court analyzes standing challenges as a subject matter jurisdiction inquiry under Rule 12(b)(1). *Stalley* ex rel. *United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

1. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be based upon either a facial or factual challenge to the complaint. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation omitted). In addressing a facial attack, the court merely looks to see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the complaint's allegations are accepted as true. *See id.* (citation omitted). In contrast, because a factual attack challenges the existence of subject matter jurisdiction in fact, the court may consider matters outside the pleading such as testimony and affidavits. *See id.* (citation omitted).

To establish subject matter jurisdiction, a plaintiff must allege he or she has standing, which

[9] The *American National* Defendants also urge the Court to dismiss the Complaint because it is a shotgun pleading — Count II incorporates all general allegations along with those in Count I. (*See Am. Nat'l*, Mot. 4–6). The Court previously *sua sponte* dismissed the *American National* Complaint on this basis (*see id.*, Oct. 8, 2020 Order [ECF No. 5]) — and Plaintiffs amended, curing the deficiency (*see generally id.*, 1st Am. Compl.). In the interest of judicial efficiency, the Court declines to dismiss again based on this error resurfacing. The undersigned cautions Plaintiffs against further missteps.

[10] (*See Amerisure*, Mot. 4–10; *Am. Nat'l*, Mot. 6–15).

consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. For the injury to be "concrete," it must be "real," and not "abstract;" however it need not be "tangible." *Spokeo*, 136 S. Ct. at 1548–49 (quotation marks and citations omitted).

2. Plaintiffs' Standing Is Shown (and Limited) by Plaintiffs' Exemplar Claims.

As stated, the Court previously dismissed Plaintiffs' Complaints, requiring that Plaintiffs amend to include specific claim allegations — exemplar claims — rather than rely on an obscure Exhibit purportedly containing claims. Plaintiffs' operative Complaints contain such exemplars. Undaunted, Defendants renew their facial challenges to Plaintiffs' standing, bringing two principal arguments: first, the exemplars lack allegations showing a concrete injury-in-fact; and second, even if the exemplars do show standing, that standing is limited to the extent a particular Plaintiff alleges a traceable injury to a specific Defendant — mandating dismissal of certain Plaintiffs and Defendants.[11, 12]

---

[11] (*See* sources cited *supra* note 9).

[12] The *Amerisure* Defendants also present a factual argument: Plaintiffs lack standing because there is no concrete injury, as Defendants deny they have any demonstrated responsibility for reimbursing Plaintiffs' assignor for the conditional payment alleged in the exemplar claim. (*See Amerisure*, Mot. 7–9 (relying on several extrinsic documents for support)). Defendants acknowledge that demonstrated responsibility is a fundamental requirement for MSP Act liability. (*See id.* 7 (citing *MSPA Claims 1, LLC v. Kingsway Amigo Ins.*, 950 F.3d 764, 774 (11th Cir. 2020))).

***Exemplars Show Standing.*** As a preliminary matter, the Court is unpersuaded the exemplar claims do not show concrete injuries. Plaintiffs allege enough facts demonstrating a Medicare Advantage Plan assignor was entitled to reimbursement from a Defendant-insurer; the assignor was not reimbursed; the assignor assigned the claims to an assignee; and a Plaintiff has the right to sue on behalf of the ultimate assignee of the claims.[13] Plaintiffs thus show a concrete injury under the MSP Act, satisfying standing. *See, e.g.*, *MSP Recovery Claims*, *Series LLC v. United Auto. Ins. Co.*, No. 20-20887-Civ, 2021 WL 720339, at *2 (S.D. Fla. Feb. 4, 2021) (finding similar exemplar claims adequate to show standing).

Defendants insist more information is needed to show standing, but their arguments are unavailing. The *Amerisure* Defendants contend Plaintiffs fail to show their assignor was injured by the unreimbursed conditional payment (*see Amerisure*, Mot. 5–7); this argument is undercut by Plaintiffs explicitly alleging the assignor was a risk-bearing entity and thus did bear the brunt of Defendants' failure to pay (*see id.*, 3d Am. Compl. ¶ 70). The *American National* Defendants argue the documents Plaintiffs use to support their exemplar claims are inscrutable (*see Am. Nat'l*, Mot. 9); while this may be true, the factual allegations themselves, apart from the supporting documents, sufficiently show standing. *See, e.g.*, *MSPA Claims 1, LLC v. Covington Specialty*

When a factual challenge to subject matter jurisdiction implicates the merits of a claim, the Eleventh Circuit advises "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. Judicial economy is best promoted when the existence of a federal right is directly reached, and where no claim is found to exist, the case is dismissed on the merits." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (alteration added; original alterations adopted; citation omitted). Classifying such factual challenges as "indirect attacks on the merits[,]" the *Garcia* court advised treating such arguments under a Rule 12(b)(6) or Rule 56 standard. *Id.* (alteration added). Defendants' standing argument, which implicates the action's merits, is resolvable only by reference to matters outside the pleadings. The Court declines to address Defendants' argument on a motion to dismiss based on the limited record before her.

[13] (*See Amerisure*, 3d Am. Compl. ¶¶ 12, 16, 70–79 and pp. 54–55; and *Am. Nat'l*, 2d Am. Compl. ¶¶ 12, 65–81 and pp. 46, 78).

*Ins.*, No. 19-21583-Civ, 2020 WL 5984382, at *5 (S.D. Fla. May 12, 2020), *report and recommendation adopted*, 2020 WL 5982020 (S.D. Fla. Oct. 8, 2020) (finding standing exists based on similar exemplar claims).

Finally, the *American National* Defendants also insist Plaintiffs must provide complete assignments and organizational agreements to establish standing. (*See Am. Nat'l*, Mot. 12–13). At this stage, the Court determines the assignment-related allegations and supporting document excerpts are adequate. *See, e.g.*, *MSP Recovery Claims, Series LLC v. USAA*, No. 20-cv-21530, 2021 WL 861314, at *5 (S.D. Fla. Mar. 8, 2021) ("At this stage on the litigation — a facial challenge to standing on a motion to dismiss — Plaintiffs have adequately alleged that [MSP Recovery] has standing." (alteration added; citing *ACE*, 974 F.3d at 1319–20; other citations omitted)).

***Exemplars Limit Standing.*** Two interconnected principles apply to this putative class action standing inquiry: "[(A)] each named plaintiff must have standing to sue at least one named defendant; [and (B)] to hold each defendant in the case, there must be at least one named plaintiff with standing to sue said defendant." *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1069 (N.D. Cal. 2015) (alterations added; citing *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004)). Defendants argue the exemplar claims in each action only show standing for one Plaintiff against one Defendant.[14] The Court agrees.

In both actions, the injuries alleged within the exemplar claims are assigned to designated series entities of MSP Recovery — not any to any other named Plaintiff. In *Amerisure*, MSP Recovery only alleges an injury traceable to Amerisure Insurance — but not to Amerisure Insurance Mutual. (*See Amerisure,* 3d Am. Compl. ¶¶ 12, 70–79 and pp. 54–55). And in *American*

[14] (*See Amerisure,* Mot. 9–10; *Am. Nat'l*, Mot. 9–11).

*National*, MSP Recovery only alleges injuries traceable to American National P&C — but not to American National General. (*See Am. Nat'l*, 2d Am. Compl. ¶¶ 12, 65–81 and pp. 45–46, 78). Plaintiffs argue the Court should consider their indecipherable Exhibits as demonstrating standing for the remaining parties;[15] the Court declines to do so, for reasons already discussed (*see supra* Section II.A).

Defendants' Motions to dismiss for lack of standing are denied, to the extent Plaintiffs show standing — in each respective action — for MSP Recovery against Amerisure Insurance and American National P&C. The Motions are granted regarding the other superfluous parties. *See, e.g.*, *Easter*, 381 F.3d at 961–962 (dismissing defendants against whom no traceable injury was alleged); *USAA*, 2021 WL 861314, at *5 (dismissing a plaintiff for failing to plead an exemplar claim showing a concrete injury to one of the plaintiff's assignors).

**C.    Stating a Claim for Relief**

Defendants argue Count II fails to state a claim.[16]

1.    Standard

A motion to dismiss for failure to state a claim only tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States*, 734 F.2d 762, 764–65 (11th Cir. 1984). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. v. Twombly*, 550

---

[15] (*See Amerisure*, Resp. [ECF No. 109] 8–13; *Am. Nat'l*, Resp. [ECF No. 38] 5–12).

[16] (*See Amerisure*, Mot. 15–16; *Am. Nat'l*, Mot. 15–16). The *Amerisure* Defendants also insist Count I fails to state claims arising from *insurance claim settlements* — because the Amerisure Plaintiffs only provide facts supporting claims arising from *no-fault insurance policies*. (*See Amerisure*, Mot. 12–15). Plaintiffs correctly point out that this appears to be an attack on the scope and definition of the putative classes (*see id.*, Resp. 12 n.6), which the Court will not evaluate at this stage.

U.S. 544, 570 (2007)). When considering facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

2. Count II States a Claim.

Count II asserts a subrogated breach-of-contract claim under 42 C.F.R. section 411.24(e), alleging Defendants' insurance policies obligated them to cover the healthcare costs of certain Medicare beneficiaries — and Defendants breached those policies when they failed to reimburse Plaintiffs' assignors for conditional payments made to cover those healthcare costs. (*See Amerisure*, 3d Am. Compl. ¶¶ 103–108). Plaintiffs incorporate exemplar claims into Count II, which include details as to the incidents triggering insurance coverage, facts regarding the policy and issuer, the amount of healthcare expenses, the Medicare Advantage Plans' conditional payment amounts and Defendants' failure to reimburse those payments, and details regarding assignments of those claims to a Plaintiff. (*See id.*).

Plaintiffs' allegations are sufficient to state a claim for a subrogated breach of contract arising from a failure to reimburse conditional payments under the MSP Act. *See, e.g.*, *United Auto. Ins.*, 2021 WL 720339, at *6–7 (denying Rule 12(b)(6) dismissal of an identical claim resting on similarly detailed factual allegations); *accord MSPA Claims 1, LLC v. Allstate Ins.*, No. 17-cv-01340, 2019 WL 4305519, at *6 (N.D. Ill. Sept. 11, 2019).

Defendants' Motions are denied as to Count II.

**D. Class Allegations**

The *American National* Defendants move to strike Plaintiffs' class allegations. (*See Am. Nat'l*, Mot. 16–19). The undersigned's general practice is to resolve class-related issues on a motion for class certification — if one is presented — not before. *See, e.g.*, *United Auto. Ins.*,

2021 WL 720339, at *7; *accord Covington Specialty Ins.*, 2020 WL 5984382, at *13–15; *MSPA Claims 1, LLC v. Tower Hill Prime Ins.*, No. 18-cv-157, 2020 WL 6876298, at *7 (N.D. Fla. Feb. 24, 2020); *Allstate Ins.*, 2019 WL 4305519, at *6–8; *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, No. 17-cv-02522, 2018 WL 2106467, at *11 (C.D. Cal. May 7, 2018).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. **Amerisure,** ***No. 17-cv-23961.*** Defendants' Motion to Dismiss **[ECF No. 106]** is **GRANTED in part**.

   a. Plaintiff, **MSP Recovery Claims Series 44, LLC**; Plaintiff, **MSPA Claims 1, LLC**; and Defendant, **Amerisure Mutual Insurance Co.** are **DISMISSED** from this action **without prejudice**.

   b. To the extent Plaintiff, MSP Recovery Claims Series, LLC, alleges additional claims arising from facts within Plaintiffs' Exhibits A and C, those claims are **DISMISSED**.

   c. Defendant, **Amerisure Insurance Co.**, shall answer Plaintiff, **MSP Recovery Claims, Series LLC**'s Third Amended Complaint **[ECF No. 105]** by **April 29, 2021**.

2. **American National,** ***No. 20-cv-24077.*** Defendants' Motion to Dismiss **[ECF No. 37]** is **GRANTED in part**.

   a. Plaintiff, **MSPA Claims 1, LLC**; and Defendant, **American National General Insurance Co.** are **DISMISSED** from this action **without prejudice**.

   b. To the extent Plaintiff, MSP Recovery Claims Series, LLC, alleges additional claims arising from facts within Plaintiffs' Exhibits A and F, those claims are **DISMISSED**.

   c. Defendant, **American National Property & Casualty Co.**, shall answer Plaintiff, **MSP Recovery Claims, Series LLC**'s Second Amended Complaint **[ECF No. 36]** by **April 29, 2021**.

CASE NO. 17-23961-CIV-ALTONAGA/Goodman
CASE NO. 20-24077-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 15th day of April, 2021.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

15